**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TSC SIEBER SERVICES, L.C. | § | |
| _____ | § | |
| | § | |
| | § | Case No. 6:12-cv-888 |
| ENCANA OIL & GAS (USA) INC. | § | |
| | § | |
| v. | § | |
| | § | |
| TSC SIEBER SERVICES, L.C., et al., | § | |
| *Appellees* | § | |

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY JUDGMENT**

This is an appeal from the bankruptcy court's resolution of cross-motions for summary judgment in an adversary interpleader action. Encana Oil & Gas (USA) Inc. originally filed this action in the U.S. District Court for the Northern District of Texas, asking the court to determine the competing rights of the claimants to $345,665.50. Encana deposited the funds in the court's registry.

The claimants included TSC Sieber Services, L.C., hired by Encana as the general contractor of a natural gas pipeline project, and several subcontractors hired by TSC Sieber to work on the project. After Encana paid TSC Sieber approximately half of the funds owing under their agreement, several subcontractors notified Encana that they had not been paid for services and materials related to the project. Encana promptly ceased payments to TSC Sieber and initiated this interpleader action, depositing with the district court the full balance due under its agreement with TSC Sieber.

Claimant TSC Sieber subsequently filed for chapter 11 bankruptcy protection, and the district court in the Northern District transferred the case for consideration as an adversary proceeding related to the pending bankruptcy action. The bankruptcy case was then converted to a chapter 7 proceeding, and the bankruptcy court appointed Stephen J. Zayler as trustee of the bankruptcy estate.

Finding the requirements satisfied under the interpleader statute, the bankruptcy court discharged Encana. The claimants then filed cross-motions for summary judgment, agreeing that no genuine issues of material fact existed and asking the bankruptcy court to resolve their respective rights to the interpleader fund as a matter of law.

On July 26, 2012, the bankruptcy court issued a Memorandum of Decision Resolving Competing Motions for Summary Judgment (Interpleader) finding in favor of the trustee. The bankruptcy court also simultaneously entered four orders ruling on the motions for summary judgment (incorporating the reasoning set forth in the memorandum) and the judgment in the adversary proceeding.

In its memorandum, the bankruptcy court found that under the undisputed facts of this case, Encana's filing of the interpleader action precluded the subcontractors from seeking protection under the Texas Trust Fund Act or from perfecting mineral liens under chapter 56 of the Texas Property Code. Specifically, the bankruptcy court held the subcontractors had not shown that the statutory requirements under the Texas Trust Fund Act and chapter 56 were satisfied. More generally, the bankruptcy court noted that Encana's invocation of the interpleader procedure alleviated the need for protection of the subcontractors' rights under both the Texas Trust Fund Act and chapter 56.

Subcontractors Holt Texas, Ltd. and Transamerican Underground, Ltd. filed this notice of appeal challenging the bankruptcy court's rulings.[1] The appellants challenge the bankruptcy court's denial of their rights under both the Texas Trust Fund Act and the bankruptcy court's ruling that the appellants mineral lien rights do not extend to the interpleader fund.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a). This Court reviews de novo the entry of summary judgment by the bankruptcy court. *In re Contractor Tech., Ltd.*, 376 B.R. 156, 158 (S.D. Tex. 2007) (citing *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 328 (5th Cir. 2007). The Court applies the same summary judgment standard as was applicable in bankruptcy court. *Id.* The summary judgment standard in an adversary proceeding is the same as under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Bankr. Proc. 7056. "Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *In re SeaQuest Diving, LP*, 579 F.3d 411, 417 (5th Cir. 2009).

Having carefully considered the undisputed facts, the parties' arguments, and the applicable law, the Court agrees with the rulings set forth by the bankruptcy court in its memorandum of decision. Accordingly, the Court adopts the bankruptcy court's reasoning and holds the following:

1) The Texas Trust Fund Act is inapplicable to this interpleader action because Encana's deposit of the interpleader funds with the court was not a "payment [] made to a contractor or subcontractor, or to an officer, director, or agent of a contractor or subcontractor." Tex. Prop. Code § 162.001(a). As addressed more fully in the

---

[1] The trustee argues that the notice of appeal only identified the judgment as the subject of the appeal. Accordingly, the trustee argues that the memorandum of opinion is not properly before this Court. But "an appeal from a final judgment sufficiently preserves all prior orders intertwined with the final judgment, even when those prior orders are not specifically delineated in the notice of appeal." *Fless v. State Farm Lloyds*, 392 F.3d 802, 806 (5th Cir. 2004). Accordingly, the memorandum and the orders on the summary judgment are properly before this Court.

bankruptcy court's order, such payment is necessary to invoke the protections of the Texas Trust Fund Act.

2) Appellants do not assert valid mineral liens under chapter 56 of the Texas Property Code. Encana can only be liable under chapter 56 to the subcontractor to the extent that it is liable to the general contractor. But when Encana deposited the funds in the registry of the Northern District, Encana was insulated from liability to TSC Sieber for money due under the contract, thus, superseding Appellants' attempts to perfect a mineral lien or otherwise invoke the protection of chapter 56.

Accordingly, for the reasons discussed above and discussed more fully in the bankruptcy court's order, the bankruptcy court's rulings on the parties' cross-motions for summary judgment and the related judgment are AFFIRMED.

**It is SO ORDERED.**

**SIGNED this 24th day of September, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE